UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
FEB 08 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-121-GWU

KATHY L. YOUNG, PLAINTIFF,

VS.   **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment as well as the plaintiff's motion to remand pursuant to Sentence Six of 42 U.S.C. Section 405(g).

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

1

Young

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of

2

fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these

symptoms. 20 C.F.R. Section 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be

4

Young

considered against the plaintiff, <u>Hale v. Secretary of Health and Human Services</u>, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. <u>Id</u>. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. <u>E.g., Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2

Young

and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term

Young

"framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The plaintiff, Kathy L. Young, was found by an Administrative Law Judge (ALJ) to have a "severe" combination of impairments consisting of osteoarthritis, fibromyalgia, and hypothyroidism. (Tr. 19). Nevertheless, the ALJ determined that the plaintiff retained the residual functional capacity to perform light level exertion with only occasional climbing of ladders, ropes, and scaffolds, and that she was capable of understanding, remembering, and carrying out instructions, relating appropriately to others, and responding appropriately to changes in the work setting. (Tr. 21). The ALJ found that these limitations would not have precluded the plaintiff from performing her past relevant work as a cashier, and terminated the sequential evaluation process at that stage. (Tr. 24). In the alternative, the ALJ found that, even if the burden had shifted to the Commissioner to show whether there were jobs

7

Young

existing in significant numbers in the national economy which the claimant was capable of performing, Rule 202.21 of the Commissioner's Medical-Vocational Guidelines, applicable to a person of the plaintiff's age, education, and previous work experience, would have directed a conclusion of "not disabled." (Tr. 24).[1] The Appeals Council declined to review, and this action followed.

On appeal, this Court must determine whether the administrative decision is supported by substantial evidence.

Mrs. Young alleged disability due to osteoarthritis, fibromyalgia, and nervousness. (Tr. 63). She testified that her osteoarthritis was a bigger problem for her than the fibromyalgia, especially on the left side of her body, but she had trouble with most of her joints such as hands, legs, shoulders, and ankles, and even had a "deteriorating sternum." (Tr. 323-5). Most of her treatment was from the Veterans Administration Medical Center (VAMC) in Lexington, Kentucky, where she frequently saw Joanna Cox, a nurse practitioner. (Tr. 326-7). She had been told not to climb stairs, or lift over five or ten pounds. (Tr. 336). She also had difficulty with nervousness, depression, and poor sleep, which was at least partially related to not working and having no money. (Tr. 324, 330).

---

[1] The Court notes that since the plaintiff gave her age as being 52 (Tr. 317), it appears that the correct rule would have been 202.13; the result would still have been a decision of "not disabled," however.

8

Young

Medical records in the transcript include a physical examination by Dr. Nancy Morris in July, 2002, shortly before the plaintiff's alleged onset date, which certified that Mrs. Young was free of communicable disease or any mental or physical disabilities that might interfere with the performance of her duties. (Tr. 127-8).

There was also a consultative physical examination by Dr. Bobby J. Kidd in September, 2002, at which time the plaintiff indicated that she had last worked in September, 2002 as a cook's helper, but could not do so currently because of fatigue and constant pain from arthritis. (Tr. 132-3). Dr. Kidd's examination showed that the plaintiff had a normal gait, normal heart sounds, and a clear chest. (Tr. 133-4). He found Heberden's nodes in all of the distal interphalangeal joints of both hands, as well as an early manifestation of medial deviation in the index fingers. (Tr. 134). However, Mrs. Young could write and pick up coins, make a fist, had no swelling and had a normal range of motion. (Tr. 134-5). He also noted increased thoracic kyphosis, probably due to early spinal osteoarthritis, but there was no spasm or tenderness, the plaintiff could stand on one leg at a time without difficulty, bend forward 90 degrees at the waist, walk on her heels and toes, perform tandem gait, and squat without difficulty. (Tr. 135). Dr. Kidd did not list any functional restrictions.

The record was reviewed by non-examining state agency physicians James Ramsey and C. Hernandez in August, 2003 and January, 2004, and both concluded

that the plaintiff could perform light level exertion, with occasional climbing of ramps and stairs, as found by the ALJ. However, it appears that neither physician had the records or a residual functional capacity assessment from the VAMC, which were submitted in January and February, 2004. (Tr. 150-3,155-204).

The records from the VA include left hand x-rays showing osteoarthritis in multiple joints of the hand, including the thumb (Tr. 193), a bone density study showing osteopenia of the lumbar spine and bilateral femurs (Tr. 192), minimal to moderate osteoarthritis of the AC joint of the right shoulder and minimal arthritis of the sternum (Tr. 195), a prescription of Jobst stockings for varicose veins (although with no weight-bearing restrictions noted) (Tr. 179-80), a finding of 15 of 18 possible tender points related to fibromyalgia (Tr. 165-6), and certain other conditions, such as high blood pressure and hypothyroidism, which were successfully treated with medication (Tr. 159, 169).

Joanna Cox, the registered family nurse practitioner who frequently examined the plaintiff at the VAMC, prepared a physical medical source statement on December 12, 2003, which limited Mrs. Young to lifting less than 10 pounds occasionally, standing or walking less than two hours in an eight-hour day, having a need for alternating sitting and standing, having a limited ability to push and pull with her arms, never climbing, occasionally balancing, kneeling, crouching, and crawling, limited reaching, and restrictions on working around temperature extremes

10

and hazards. (Tr. 150-3). The ALJ noted this assessment in his decision, but called it "excessive and unsupported by the medical evidence of record which does not show any condition that would warrant such significant preclusion." (Tr. 20).

The plaintiff charges on appeal that it was erroneous to ignore the opinion of a treating source. The Commissioner points out, in reply, that a registered nurse practitioner is not considered to be an acceptable medical source under 20 C.F.R. Section 404.1513. Both parties and the ALJ appear to have overlooked the fact that the medical source statement is also signed by a physician at the VAMC, Tammy Cross, who described herself as "attending." (Tr. 153). Elsewhere in the progress notes, Dr. Cross is described as "staff physician/primary care." (Tr. 164).

While the opinion of a non-examining source may be accepted over that of an examiner, the non-examiner must have access to the entire record, and clearly give the reasons for his difference of opinion. See Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). In the present case, the non-examiners did not have access to the entire record, and indicated that there were no treating source statements to review. (Tr. 251, 260). Moreover, it appears that it was not fully appreciated that the restrictions were given by more than just a nurse practitioner. While the ALJ concluded that the restrictions were not supported by objective evidence, the findings of osteoarthritis and osteopenia in multiple joints as well as fibromyalgia do provide some objective support for the limitations. At the very least, they should not

11

Young

have been completely discounted without a medical opinion. See, e.g., Wilson v. Commissioner of Social Security, 378 F. 3rd 541, 547 (6th Cir. 2004) (noting that a "patently deficient" opinion from a treating source may not warrant reversal).

The decision will be remanded for further consideration.[2]

This the ___8___ day of February, 2006.

_____
G. WIX UNTHANK
SENIOR JUDGE

---

[2]The plaintiff has also moved for a remand on the grounds of new evidence. Since the case is being remanded on other grounds, the new evidence can be considered at the same time.